UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 8:11-cr-50-T-23TGW
     8:15-cv-90-T-23TGW

OVIDIO ORLANDO OTER-CASTILLO
_____/

**O R D E R**

Otero-Castillo's motion to vacate under 28 U.S.C. § 2255 (Doc. 1) challenges the validity of his conviction for conspiracy to possess with the intent to distribute cocaine while aboard a vessel, for which offense he was sentenced to 262 months' imprisonment.

Rule 4, Rules Governing Section 2255 Cases, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." *Accord Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[1] (finding the summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief"); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) [Rules Governing § 2255 Proceedings], allows the district court to

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief . . . .'").

A preliminary review shows that Otero-Castillo's motion is untimely. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[W]e hold that district courts are permitted . . . to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."), and *Jackson v. Sec'y, Dep't of Corr.*, 292 F.3d 1347, 1349 (11th Cir. 2002) (holding that the district court possesses discretion to *sua sponte* question the timeliness of a petition for the writ of habeas corpus).

The Anti-Terrorism and Effective Death Penalty Act creates a limitation for a motion to vacate. "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of (1) the date on which the judgment of conviction becomes final . . . ." 28 U.S.C. § 2255(f). Otero-Castillo pleaded guilty and was sentenced in 2011. Because his conviction was final in 2011, Otero-Castillo's limitation expired one year later in 2012. Otero-Castillo recognizes that his motion to vacate is untimely under Section 2255(f)(1).

Otero-Castillo asserts entitlement to another limitation under Section 2255(f)(2), which calculates a one-year limitation from "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or law of the United States is removed, if the movant was prevented from making a motion by such governmental action." The "governmental action"

that Otero-Castillo alleges prevented his filing a motion to vacate is the waiver of "the right to . . . challenge [the sentence] collaterally on any ground," which waiver is in his plea agreement. Otero-Castillo cites United States Attorney General Eric Holder's directive that allegedly instructs "prosecutors to stop placing collateral attack waivers in plea agreements and not to enforce the ones that are existing within past plea agreements." (Doc. 2 at 2) Otero-Castillo argues that waiving his right to "collaterally attack" his sentence created a conflict of interest between himself and his attorney and that the new directive renders "null and void" the collateral attack waiver.

Otero-Castillo is not entitled to a new limitation based on the Attorney General's directive because the directive did not remove a governmental impediment that prevented his filing a motion to vacate. The directive does not retroactively void plea agreements. "The new policy does not prohibit prosecutors from seeking to enforce a collateral-attack waiver, so Demello's contention that the policy renders the waiver null and void is unavailing." *Demello v. United States*, ___ Fed. App'x ___, 2015 WL 4663934 (August 7, 2015).[2] Although a valid appeal waiver precludes an ineffective assistance of counsel challenge to the sentence, the waiver does not preclude an ineffective assistance claim that challenges the validity of the plea or the plea agreement. *Cowart v. United States*, 139 Fed. App'x 206, 207–08 (11th Cir. 2005) (holding that a claim that challenges the validity of the guilty plea or the appeal

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

waiver, and not the sentence, is not precluded by a sentence-appeal waiver), *citing United States v. Copeland*, 381 F.3d 1101, 1105 (11th Cir. 2004)).  As a consequence, Otero-Castillo could have asserted his conflict-of-interest claim during the one-year limitation under Section 2255(f)(1) and he is not entitled to a new limitation under Section 2255(f)(2).[3]

Accordingly, the motion under Section 2255 to vacate the sentence (Doc. 1) is **DENIED**.  The clerk must close this case.

## DENIAL OF BOTH A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Otero-Castillo is not entitled to a certificate of appealability ("COA").  A prisoner moving under Section 2255 has no absolute entitlement to appeal a district court's denial of his motion to vacate.  28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a COA.  Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  To merit a certificate of appealability, Otero-Castillo must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001).  Because

---

[3] *Day*, 547 U.S. at 210, expresses concerns about dismissing an untimely motion to vacate without notice to an unsuspecting defendant.  Otero-Castillo recognizes — in fact, his entire action rests upon — the timeliness issue under Section 2255(f). As a consequence, Otero-Castillo is not an unsuspecting defendant surprised by the district court's application of Section 2255(f).

the motion to vacate is clearly time-barred, Otero-Castillo is entitled to neither a certificate of appealability nor an appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Otero-Castillo must obtain authorization from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on November 3, 2015.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE